IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLA FRANCO, Individually
and as Personal Representative of the
Estate of Hipolito Q. Franco, deceased,

    Appellant,

v.                                                                                   CV 19-00381 KG/JHR

MANUELA Q. FRANCO, et al.,

    Appellee.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Plaintiff Carla Franco's *Motion to Abate or Dismiss Appeal for Want of Jurisdiction due to Lack of Final Judgment* [Doc. 13], filed August 12, 2019. On May 23, 2019, United States District Judge Kenneth Gonzales referred this case to Magistrate Judge Jerry H. Ritter to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. [Doc. 2]; 28 U.S.C. §§ 636(b)(1)(B), (b)(3) (2018); *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990). At issue is whether the Bankruptcy Court's certification, under Federal Rule of Civil Procedure 54(b) is sufficient to confer appellate jurisdiction upon this Court to review the *Bankruptcy Court's Order Denying Plaintiff's Amended Motion for Leave to Amend Pleadings and Motion to Vacate Order of Dismissal* [Doc. 7]. Having reviewed the Motion and the relevant law, I recommend that the Motion be granted.

    **I.**     **FACTUAL AND PROCEDURAL BACKGROUND[1]**

In 1969, Appellee, Manuela Franco and her husband Epolito Franco acquired 240 acres of

---

[1] On the record currently before the Court, the facts in this section are undisputed, except as noted.

land in Eddy County, New Mexico, including a half interest in oil, gas, and other minerals on and under the land. [Doc. 7, p. 367]. On October 8, 1996, the couple conveyed 122 acres of the land to their son, Hipolito Franco. [*Id.*]. There is a dispute as to whether this conveyance included an interest in the mineral rights to the conveyed property. [*Id.*, pp. 7-8].

On October 8, 2014, Hipolito and his wife, Appellant Carla Franco, filed suit in the Fifth Judicial District Court in Eddy County, New Mexico against Manuela Franco[2], Appellee HV Franco Minerals, Appellee Celia Houghland (Manuela Franco's daughter) and Appellee Robert Houghland (Manuela Franco's son in law). [*Id.*, p. 369]. The Complaint sought quiet title to the disputed mineral rights, damages for disparagement of title[3], and injunctive relief. [*Id.*]. The disparagement of title claim was dismissed by the state court on April 15, 2015. [*Id.*]. On May 4, 2016, Appellant[4] filed a *Motion for Leave to Amend Pleadings and Motion to Vacate Order of Dismissal* in the state court. [*Id.*, p. 370].

On August 30, 2016, Appellees filed a notice of bankruptcy and automatic stay, relative to two prior bankruptcy cases filed by Manuela Franco, which were reopened in June 2016 and October 2016, and consolidated in November 2016. [*Id.*]. On December 23, 2016, Appellant removed the state court action to the Bankruptcy Court. [*Id.*]. On July 10, 2019, the Bankruptcy Court issued an Opinion and separate Order denying Appellant's *Motion for Leave to Amend Pleadings and Motion to Vacate Order of Dismissal*. [Doc. 7, pp. 366-382]. The court's Order included a Rule 54(b) certification in which the court found, pursuant to Federal Rule of Bankruptcy Procedure 7054 and Federal Rule of Civil Procedure 54(b), that there was no just

---

[2] Epolito passed away around 1997. [Doc. 13, p. 2].

[3] As there is no cause of action for disparagement of title under New Mexico law, the state court construed the claim as one for slander of title. [Doc. 7, 369 n.6].

[4] Hipolito passed away during the pendency of the state court litigation. [Doc. 13, p. 3].

2

reason for delay and that the Order constituted a final order and/or judgment on Appellant's proposed slander of title claim. [Doc. 7, p. 382].

This appeal followed. [Doc. 1]. Appellant now moves to dismiss the appeal for lack of jurisdiction and seeks a finding that the Bankruptcy Court's denial of her *Motion for Leave to Amend Pleadings and Motion to Vacate Order of Dismissal* is not a final appealable decision. [Doc. 13, pp. 8-9].

## II. LEGAL STANDARD

District courts have jurisdiction to hear appeals from the Bankruptcy Courts' final judgments, orders, and decrees. 28 U.S.C. § 158(a) (2018). The district court applies the same standards of review that govern appellate review in other cases. *See, e.g., Sender v. Johnson* (In re Hedged–Investments Assocs., Inc.), 84 F.3d 1267, 1268 (10th Cir. 1996). The Bankruptcy Court's legal determinations are reviewed de novo, and its factual findings are reviewed for clear error. *See Phillips v. White* (In re White), 25 F.3d 931, 933 (10th Cir. 1994).

## III. ANALYSIS

Here, Appellant seeks to dismiss the appeal for lack of jurisdiction, arguing that the Court's denial of her motion to amend and vacate was not a final appealable decision. [Doc. 13, pp. 8-9]. To be final and appealable, a decision must either dispose of all claims by all parties or be properly certified as a final judgment under Federal Rule of Civil Procedure 54(b). *Stockman's Water Co. v. Vaca Partners*, 425 F.3d 1263, 1265 (10th Cir.2005); *see* Fed. R. Bankr. P. 7054(a) (applying Rule 54(b) to adversary proceedings).

The Bankruptcy Court's Order denying Plaintiff's motion to amend and vacate did not dispose of all claims before the Bankruptcy Court, but did include language certifying it as a final judgment. [Doc. 7, pp. 366-382]. At issue is whether the court's certification is effective under

Rule 54(b). [Doc. 13, pp. 6-9].

Rule 54(b) allows a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "This determination must appear in the district court's order certifying the matter for appeal." *New Mexico v. Trujillo*, 813 F.3d 1308, 1316-17 (10th Cir. 2016). The Tenth Circuit has interpreted the language of Rule 54(b) to require that the certification order include two express findings: first, the court must determine that the judgment is final, and; second, it must determine there is no just reason for delay of entry of the judgment. *Id.* Factors for the court to consider include "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980); *see also Trujillo*, 813 F.3d at 1317.

A court's decision to grant certification under Rule 54(b) "merits substantial deference and should not be disturbed unless the [trial] court's determination was clearly erroneous." *Stockman's Water*, *L.P.*, 425 F.3d at 1265-66 (10th Cir. 2005) (internal quotation marks and citation omitted). The appellate court's role "is not to reweigh the equities or reassess the facts but to make sure that the conclusions derived from those weighings and assessments are jurisdictionally sound and supported by the record." *Id.* (internal quotation marks and citation omitted). When granting certification under Rule 54(b), courts should "clearly articulate their reasons and make careful statements based on the record supporting their determination of finality and no just reason for delay so that [the appellate court] can review a 54(b) order more intelligently and thus avoid jurisdictional remands." *Trujillo*, 813 F.3d at 1316. (internal quotation marks and citation omitted).

4

The appellate court's deference "rests on the assumption that the [] court undertook its obligation to carefully examine all the factors relevant to certification." *Stockman's Water*, 425 F.3d at 1265. (internal quotation marks and citation omitted). Absent a clear articulation of the court's reasons for granting certification, the appellate court has "no basis for conducting a meaningful review of the [] court's exercise of discretion." *Id.*

Here, the Bankruptcy Court's Order states in pertinent part:

IS THEREFORE ORDERED that the Motion to Amend and Vacate is denied. Pursuant to Federal Rule of Bankruptcy Procedure 7054 and Federal Rule of Civil Procedure 54(b), the Court finds that there is no just reason for delay, and that this Order constitutes a final order and/or judgment on Plaintiff's proposed slander of title claim against the defendants.

[Doc. 7, p. 382]. The certification does not provide an analysis of the factors relevant to certification, an explanation of the court's reasoning, or any statements from the record in support of the court's finality and no just cause for delay determinations. As such, there is no basis for this Court to perform a meaningful review of the Bankruptcy court's certification. The Tenth Circuit has identified this as a jurisdictional flaw. *See Trujillo*, 813 F.3d at 1316; *Stockman's Water*, 425 F.3d at 1265 (dismissing the appeal for lack of jurisdiction where the district court did "not comply with [the] requirement that it set forth its reasons, albeit briefly, supporting a determination of finality and no just reason for delay.").

### IV. RECOMMENDATION

For the foregoing reasons I conclude that the Court lacks jurisdiction over the instant appeal and recommend that Appellant's *Motion to Abate or Dismiss Appeal for Want of Jurisdiction due to Lack of Final Judgment* [Doc. 13], be granted.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).
>
> **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**